UNITED STATES of America

v.

**Dr. Edward P. SWARTZ, Appellant, and Margaret R. Swartz.**

No. 72–1340.

United States Court of Appeals, Third Circuit.

Argued Aug. 1, 1972.

Decided Aug. 14, 1972.

Ronald C. Travis, Candor, Youngsman, Gibson & Gault, Williamsport, Pa., Harold Rosenn, Rosenn, Jenkins & Greenwald, Wilkes-Barre, Pa., for appellant.

Richard B. Buhrman, Scott P. Crampton, Tax Division, Dept. of Justice, Meyer Rothwacks, John P. Burke, Attys., Tax Division, Department of Justice, Washington, D. C., S. John Cottone, U. S. Atty., of counsel, for appellee.

Before SEITZ, Chief Judge, and VAN DUSEN and GIBBONS, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

Defendant, a practicing physician, pleaded guilty in district court to income tax evasion. 26 U.S.C. § 7201. He was fined $10,000 and sentenced to one year imprisonment. Several days after sentencing but before commencing to serve his one-year term, defendant experienced heart irregularity and was hospitalized. Thereafter, his counsel moved the court to suspend defendant's sentence or order his immediate parole. Counsel grounded his request on defendant's newly developed heart condition as well as his past medical history of dia-

betes, angina, uremia and hypertension. Defense medical witnesses testified that because of these various problems defendant, if incarcerated, probably would die within the year. The district court denied counsel's motions and defendant appealed.

 Defendant has not yet commenced serving his sentence. Therefore, the district court properly refused consideration of his request for immediate parole. Also, since the sentence imposed was within the five-year statutory maximum under § 7201, this Court is powerless to modify or reduce it. Defendant contends that we have jurisdiction to order the district court to suspend his sentence on the ground that, in view of the medical evidence, imprisonment was improper. Passing over any jurisdictional question, however, we are unable to conclude from the record that the district court abused its discretion by refusing to suspend defendant's sentence. Nowhere has defendant demonstrated that existing government medical facilities will not provide him with treatment and custodial care comparable to that available in private institutions.

The order of the district court will be affirmed.